**SO ORDERED.**

**SIGNED this 07 day of November, 2011.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

**IN RE:**

| | |
|---|---|
| **JAMES OTIS MORTON, JR.,** | **CHAPTER 11** |
| **REBECCA PHELPS MORTON,** | **CASE NO. 09-02599-8-RDD** |

      **DEBTORS**

### ORDER DENYING MOTION FOR SANCTIONS

Pending before the Court is the Motion to Impose Sanctions for Violation of Confirmation Injunction filed by James Otis Morton, Jr. and Rebecca Phelps Morton, (the "Debtors") on May 25, 2011 (the "Motion") and the Response of Vernon J. Vernon to Debtors' Motion to Impose Sanctions for Violation of Confirmation Injunction filed by Vernon J. Vernon on June 9, 2011 (the "Response").  The Court conducted a hearing on October 18, 2011 in Wilson, North Carolina to consider the Motion and the Response.

The Debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code on March 30, 2009.  The Debtors' Plan of Reorganization was confirmed on January 7, 2010.  Prior to the petition date, the Debtors were defendants in an action captioned as "Vernon Jay Vernon and Erin Enterprises, Ltd. v. James Morton, Rebecca Morton, et al., Case No. 08-CVD-18419, Wake County

District Court." (the "Lawsuit"). The Lawsuit originally sought money damages from the Debtors individually, or through the Debtors' partnership Carteret Lanes. On May 30, 2009, counsel for the Debtors mailed to Mr. Vernon's attorney a letter advising Mr. Vernon of the bankruptcy proceeding. Mr. Vernon was listed as an unsecured creditor in connection with the pending Lawsuit on the Debtors' schedule B.

Mr. Vernon filed five proofs of claim in the Debtors' bankruptcy proceeding as follows: (1) Claim No. 10 was filed as an unsecured claim in the amount of $150,000.00; (2) Claim No. 11 was filed as an unsecured claim in the amount of $37,000.00 and secured claim in the amount of $17,562.00; (3) Claim No. 12 was filed as an unsecured claim in the amount of $258,868.34; (4) Claim No. 13 was filed as a secured claim in the amount of $14,600.00; and (5) Claim No. 14 was filed as an unsecured claim in the amount of $3,200,00.00. The Debtors objected to each of the five proofs of claim. The Court entered orders granting the Debtors' objections to Claim Nos. 10, 12, 13 and 14. On June 27, 2010, the remaining Claim No. 11 was withdrawn by Mr. Vernon. The Debtors' Plan was confirmed on January 7, 2010. In February 2010, Mr. Vernon voluntarily dismissed, without prejudice, the Debtors from the Lawsuit. On August 5, 2010, the Debtors filed a protective answer in the Lawsuit. On September 16, 2011, Mr. Vernon voluntarily dismissed, with prejudice, the remaining parties from the Lawsuit.

Pursuant to the Motion[1], the Debtors request that the Court find Mr. Vernon in contempt for violating the order confirming plan and to impose sanctions for violation of the automatic stay. Specifically, the Debtors argue that based on Mr. Vernon's ongoing post-confirmation efforts to

---

[1]The Motion was filed as a Motion to Impose Sanctions for Violation of Confirmation Injunction (11 U.S.C. § 1141(a)). To conform to the evidence presented, the Court treats the Motion as one for contempt for violating the order confirming plan.

pursue pre-petition claims against the Debtor, Mr. Vernon is subject to sanctions. Further, the Debtors contend that in his deposition on May 17, 2011, Mr. Vernon affirmed on the record that by way of his Lawsuit, he was continuing his efforts to collect damages from the Debtors that originated with the pre-petition claims asserted in the Debtors' Chapter 11 proceeding.

Mr. Vernon argues that he has dismissed all claims against the Debtors individually, and that actions taken against the Debtors' partnerships do not violate the confirmation order, because the partnerships are legal entities that may own properties and are subject to liabilities in their own right. Mr. Vernon takes the position that the Debtors may not discharge liabilities of their partnership through confirmation of an individual Chapter 11 plan.

The Court finds that the Debtors have failed to carry their burden of proving that Mr. Vernon should be held in contempt for violating the confirmation order or that he violated the automatic stay.

Section 362(c)(2) of the Bankruptcy Code provides that the automatic stay continues until the earliest of:

(A) the time the case is closed;
(B) the time the case is dismissed; or
(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied . . .

11 U.S.C. § 362(c)(2). Here, the case has neither been closed, dismissed, nor has the discharge been entered. When the debtor is an individual, discharge is generally not granted upon confirmation of a Chapter 11 plan. *In re Kirkbride*, 2010 WL 4809334 at *3 (Bankr. E.D.N.C. 2010). 11 U.S.C. § 1141 provides that in a case in which the debtor is an individual in a Chapter 11 bankruptcy "confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan . . . ." 11 U.S.C. §

3

1141(d)(5)(A).  According to the terms of the Plan, the Debtors intend to move the Court pursuant to 11 U.S.C. § 1141(d)(5)(B) "to enter their discharge at the time the Debtors notify parties-in-interest that the Plan has been substantially consummated and move to have this proceeding closed. All creditors and parties-in-interest will receive notice of this motion."  The Debtors did not seek an early discharge through the terms of their confirmed plan.  Accordingly, the automatic stay remains in place.

Section 362(a) of the Code imposes a stay on "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under" title 11.  11 U.S.C. § 362(a)(6).  The Bankruptcy Code provides that any "individual injured by any willful violation of a stay provided by this section shall recover actual damages . . . and, in appropriate circumstances, may recover punitive damages."  11 U.S.C. § 362(k)(1).

The Court can also find parties in contempt for violation of a court order. Pursuant to 11 U.S.C. § 105(a), the court may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  The court may take "any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).  The court has the authority to issue sanctions as necessary, to enforce its orders.  *In re Adams*, 2010 WL 2721205 at *4 (Bankr. E.D.N.C. July 7, 2010).  Therefore, the Court may issue sanctions for violation of the confirmation order.

To establish civil contempt, the movant must demonstrate the following elements by clear and convincing evidence:

(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge;
(2) . . . that the decree was in the movant's "favor";

4

(3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and
(4) that [the] movant suffered harm as a result.

*In re Kirkbride*, 2010 WL 4809334 at *3 (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000).

The Debtors have failed to carry their burden of proving that Mr. Vernon willfully violated the automatic stay and have also failed to establish civil contempt by clear and convincing evidence. The evidence shows that in February 2010, Mr. Vernon filed a voluntary dismissal of the Debtors without prejudice from the Lawsuit.  On September 16, 2011, Mr. Vernon voluntarily dismissed, with prejudice, the remaining defendants from the Lawsuit.  The Debtors assert that at the deposition of Mr. Vernon on May 17, 2011, Mr. Vernon affirmed on the record that by way of the Lawsuit he was continuing his efforts to collect damages from the Debtors, that originated with pre-petition claims. At the hearing, counsel for Mr. Vernon, explained that at the time of the deposition, Mr. Vernon understood that the claims against the Debtors individually had been dismissed and that counsel for the Debtors was informed that the claims against the Debtors had been dismissed without prejudice. Mr. Vernon's post-confirmation actions do not rise to the level of warranting sanctions.

Further, the Debtors have failed to establish that they suffered harm as a result of any alleged violation. The actions taken against the partnerships do not violate the provisions of the confirmed plan. Partnerships are legal entities that are subject to liabilities in their own right. *Black's Law Dictionary* 976 (9th ed. 2009) (defining legal entity as "[a] body, other than a natural person, that can function legally, sue or be sued, and make decisions through agents. A typical example is a corporation."); 11 U.S.C. § 101(9) (including partnerships within the definition of corporation.).  Debtors may not discharge the liabilities of their partnerships through confirmation

5

of an individual Chapter 11 plan. *See* 11 U.S.C. § 524(e) (stating that the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."); *see also A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986) *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed. 2d 177 (1986) (stating that the automatic stay in 11 U.S.C. § 362, does not stay judicial proceedings against nondebtors, absent the unusual circumstance, when "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."); *see also Paul v. Iglehart (In re Paul)*, 534 F.3d 1303, 1307 (10th Cir. 2008) (noting that 11 U.S.C. § 524(a)(2) permits lawsuits seeking to collect on debts a debtor has discharged, when the lawsuit formally names the debtor as a defendant and are brought to collect from a third party.)    Therefore, the Debtors did not suffer any harm as a result of Mr. Vernon's conduct. Mr. Vernon understood that the causes of actions against the Debtors were dismissed and therefore did not knowingly violate the confirmation order. Because the actions against the Debtors were dismissed, Mr. Vernon did not willfully violate the automatic stay.

Therefore, the Motion to Impose Sanctions for Violation of Confirmation Injunction is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**